RECEIVED

2005 APR 28 P 3:01

DEP... U.S. DISTRICT COURT
MIDDLE DIST. OF ...

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DOROTHY MANZY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO: 2:05cv395-D |
| | ) | |
| **MONTGOMERY HOUSING** | ) | |
| **AUTHORITY, and LANE BOGGS, in his** | ) | |
| **individual capacity and official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

1.     This action was commenced against Defendants in the Circuit Court of Montgomery County, Alabama, on March 29, 2004, when Plaintiff's Complaint was filed.  True and correct copies of all the pleadings, process, and orders contained in the Court file in said action are attached hereto as Exhibit 1 and incorporated herein.

2.     Less than thirty days have passed since the Defendants were served with a copy of the Summons and Complaint.  Therefore, removal of this action is timely.

3.     Plaintiff alleges claims arising under the laws and the Constitution of the United States.  Plaintiff's Complaint alleges that MHA, acting "under the color of law," discriminated against the Plaintiff in violation of the 13th and 14th Amendments of the Constitution of the United States, 42 U.S.C.A. 1981, and 42 U.S.C.A. 1983. (Compl. ¶¶ 8-9.)  Specifically, Count One claims that MHA, by virtue of its official power, is an actor under the "color of law" and that MHA discriminated against the Plaintiff because of her race and denied her equal protection under the law. Id. at ¶¶ 10-11.  Count Two alleges that MHA deprived the Plaintiff of her 14th

Amendment rights in violation of 42 U.S.C.A. § 1981.  Id. at ¶ 14.  Count Three alleges that MHA deprived the Plaintiff of her 14th Amendment rights in violation of 42 U.S.C.A. § 1983. Id. at ¶ 17.

4.      The claims in Plaintiff's Complaint rely on the laws and the Constitution of the United States for purposes of 28 U.S.C. § 1331.

5.      Because plaintiff alleges a claim arising under the laws and the Constitution of the United States, District Courts have original jurisdiction of this action under 28 U.S.C. § § 1331. This case is thus removable to this Court pursuant to 28 U.S.C. § 1441.

6.      This Court has supplemental jurisdiction of any claims of which this Court might find it does not have original jurisdiction because such claims, if any, are so related to Plaintiff's claims arising under the laws and Constitution of the United States that they form part of the same case or controversy.

7.      All Defendants consent to this removal.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and is being served on all adverse parties.

WHEREFORE, Defendants prays that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted,

Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for Defendants The Housing
Authority of the City of Montgomery and
Lane Boggs**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Norman Hurst, Jr., Esq.
462-A Sayre Street
Montgomery, AL  36104

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this _28th_ day of April, 2005.

OF COUNSEL

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DOROTHY MANZY,                              *
     Plaintiff,                          *
                                         *
                                         * Case Number.: _CV-05-791-R_
v.                                          *
                                         * Jury Trial Demanded
MONTGOMERY HOUSING AUTHORITY,               *
and LANE BOGGS, in his individual           *
capacity and official capacity,             *
Defendants.                                 *
                                         *

## COMPLAINT

1.   The Montgomery Housing Authority (hereinafter MHA), is a governmental agency responsible for public housing in Montgomery County, Alabama.

2.   Lane Boggs, Executive Director, MHA, is over the age of 19 years and is a resident of Montgomery, County, Alabama.

3.   Plaintiff, Dorothy Manzy is over the age of 19 and is a resident of Montgomery, County, Alabama and is a former employee of the MHA.

## FACTS

4.   Plaintiff, Dorothy Manzy, a black female, prior to her discharged was employed with The Montgomery Housing Authority for approximately 19 years. Ms. Manzy was employed as a Public Housing Manger for Patterson Court and was responsible for approximately 200 units. During the course of her employment Ms. Manzy had received a merit raise for eighteen of those years.

5.   Sometime around August 18, 2004, Ms. Manzy's supervisor, Maxine Sledge recommended her for disciplinary action, and that she be dismissed from her position. The alleged reason for this recommendation was proven incompetence or inefficiency in the performance of assigned duties in her position. Ms. Manzy was terminated around August 25, 2004, after a dismissal hearing was held on the matter.

6.   Around September 30, 2004, The Montgomery City/County Personnel Board upheld the dismissal

of the MHA.

7.    The MHA under the color of law course of conduct was designed to harass, humiliate and frustrate Ms. Manzy in the performance of her duties as a housing manager in a deliberate and calculated attempt to remove her form her position.  Ms. Manzy as a black employee was given excessive, burdensome, and unrealistic work goals designed to keep her in a state of fear that she would be terminated.  While white employees, similarly situated were given assistance and were allowed greater latitude in determining their work loads and received the same or higher pay.  The MHA is also fostering a policy were black employees are more likely to be disciplined or terminated than white employees for the same infractions because the standard as imposed by the MHA is ambiguous and subject to different interpretations.  The policy standard as imposed and enforced against black employees, is not the same policy standard that is enforced and imposed against white employees.

8.    The MHA has purposeful discriminated against Ms. Manzy in the enforcement of policy, and procedure that has resulted in injury and damages in violation of 13th & 14th Amendments of the Constitution of the United States, 42 U.S.C.A. 1981,& 1983.

### COUNT ONE

9.    The Plaintiffs repeat, reallege and incorporate herein by reference the proceeding paragraphs as is set forth herein in full.

10.   The MHA by virtue of it's official power is an actor under the "color of law."

11.   The MHA under the color of law has discriminated against Ms. Manzy because of her race and denied her equal protection under the law.

12.   The MHA under the color of law has on a continuous and systematic basis conspired with individuals to impede the liberties of Ms. Manzy and to discriminate against her because of her race by not disclosing policy concerns of the agency, enforcing it in an arbitrary manner against black employees and giving more weight to written policy concerns in it's enforcement practices against blacks, while upholding a different standard for whites.

COUNT TWO

13.    The Plaintiffs, repeat, reallege, and incorporate herein by reference the proceeding paragraphs as is set forth herein in full.

14.    The MHA deprived Ms. Manzy, a black employee, of her 14th Amendment rights which under similar circumstances were accorded to white employees in violation of 42 U.S.C.A. 1981.

15.    Ms. Manzy was deprived of her civil rights because of her race in order to discriminate against her in application of policy concerns, work load, pay and duties assigned in an effort to have her in constant fear for her job.

COUNT THREE

16.    The Plaintiff's repeat, reallege and incorporate herein by reference the proceeding paragraphs as is set forth herein in full.

17.    The MHA under the color of state law deprived Ms. Manzy of her 14th Amendment rights by discriminating against her in favor of white employees by allowing them better job assignments for the same pay or greater pay, and preserving and creating an environment of tranquility, while black employees were constantly assigned greater job responsibilities, given unrealistic job duties and subject to discipline or termination in violation of 42 U.S.C.A. & 1983.

THEREFORE, the above Plaintiff ask this honorable court for damages for said violations and any relief that this court might find appropriate.

Norman Hurst, Jr., (HUR016)
Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Montgomery Housing Authority
1020 Bell Street
Montgomery, Alabama 36104


Lane Boggs
1020 Bell Street
Montogmery, Alabama 36104

This 29th day of March, 2005

Norman Hurst Jr.

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.