**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DOROTHY MANZY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:05-cv-395-ID-SRW |
| MONTGOMERY HOUSING ) | |
| AUTHORITY, and LANE BOGGS, in his ) | |
| individual capacity and official capacity, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

The **Housing Authority of the City of Montgomery** ("Defendant") responds to the Plaintiff's Complaint as follows:

**First Defense**

1.  Defendant states that it is a non-profit, public corporation. As a result, Defendant denies the material allegations in Paragraph 1 of the Plaintiff's Complaint and demands strict proof thereof.

2.  As phrased, Defendant denies the material allegations in Paragraph 2 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

3.  Defendant admits the allegations in Paragraph 3 of the Plaintiff's Complaint.

4.  As phrased, Defendant denies the material allegations in Paragraph 4 and, therefore, demands strict proof thereof.

5.  Defendant admits that Plaintiff's supervisor, Maxine Sledge, recommended that the Plaintiff be terminated sometime around August 18, 2004, that the reason for the

recommended termination was proven incompetence and inefficiency in performing assigned duties, and that the Plaintiff was terminated around August 25, 2004, after a dismissal hearing was held on the matter. To the extent that Paragraph 5 of the Plaintiff's Complaint alleges otherwise, Defendant denies the material allegations in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the material allegations in Paragraph 7 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

8. Defendant denies the material allegations in Paragraph 8 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

9. Paragraph 9 of the Plaintiff's Complaint does not require a response; however, to the extent one is deemed required, Defendant realleges and incorporates its responses to the above paragraphs.

10. Defendant denies the material allegations in Paragraph 10 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

11. Defendant denies the material allegations in Paragraph 11 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

12. Defendant denies the material allegations in Paragraph 12 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

13. Paragraph 13 of the Plaintiff's Complaint does not require a response; however, to the extent one is deemed required, Defendant realleges and incorporates its responses to the above paragraphs.

14. Defendant denies the material allegations in Paragraph 14 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

15. Defendant denies the material allegations in Paragraph 15 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

16. Paragraph 16 of the Plaintiff's Complaint does not require a response; however, to the extent one is deemed required, Defendant realleges and incorporates its responses to the above paragraphs.

17. Defendant denies the material allegations in Paragraph 17 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

**Second Defense**

The Complaint against Defendant fails to state a claim upon which relief can be granted.

**Third Defense**

Defendant asserts the defenses of qualified and/or absolute immunity.

**Fourth Defense**

Plaintiff's claims may be barred by the applicable statutes of limitations.

**Fifth Defense**

Plaintiff has failed to mitigate damages.

**Sixth Defense**

To the extent that Plaintiff is seeking punitive damages, the Plaintiff has failed to plead facts sufficient to justify an award of punitive damages.

**Seventh Defense**

Plaintiff cannot recover punitive damages against Defendant under 42 U.S.C. § 1981 or 42 U.S.C. § 1983.

### Eighth Defense

The Defendant exercised good faith efforts to comply with federal employment laws and, accordingly, is not subject to punitive damages.

### Ninth Defense

The Defendant has legitimate, non-pretextual, business reasons for any employment decisions regarding Plaintiff.

### Tenth Defense

The Defendant denies that race, or any alleged protected activity, was a factor in any of the employment decisions concerning the Plaintiff. However, in the event that the fact-finder finds otherwise, the Defendant avers that it made the challenged decisions for legitimate business reasons and would have reached the same employment decision in the absence of the alleged impermissible motivation.

### Eleventh Defense

The Defendant avers that Plaintiff's claims are barred, in whole or in part, by her own failure to act.

### Twelfth Defense

The Defendant avers that it took prompt and effective action to remedy any allegations of unlawful conduct and have no liability for such conduct.

### Thirteenth Defense

The Defendant avers that it has not discriminated against Plaintiff and has not violated Plaintiff's rights in any way.

### Fourteenth Defense

The Defendant avers that the Plaintiff has not sustained any injury, damage, or loss by reason of any act or omission on the part of the Defendant.

### Fifteenth Defense

The Defendant avers the affirmative defense of waiver.

### Sixteenth Defense

The Defendant avers the affirmative defense of laches.

### Seventeenth Defense

The doctrines of collateral estoppel and res judicata bar Plaintiff's recovery.

### Eighteenth Defense

The Defendant avers that this action is frivolous, unreasonable, and groundless, and accordingly, the Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

### Nineteenth Defense

Portions of the Plaintiff's Complaint are vague and conclusory.

### Twentieth Defense

Portions of the Plaintiffs' Complaint are due to be stricken.

### Twenty-First Defense

Any injury or damages suffered by Plaintiff were the result of an independent intervening cause and not the result of any alleged actions or omissions of Defendant.

### Twenty-Second Defense

Plaintiff is barred from recovery under the doctrine of unclean hands.

**Twenty-Third Defense**

Plaintiffs has failed to state a federal claim against the Defendant for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of Defendant.

**Twenty-Fourth Defense**

The Plaintiff's claims are barred by her failure to exhaust administrative remedies.

**Twenty-Fifth Defense**

Defendant avers that it cannot be held liable on a theory of respondeat superior, vicarious liability, or agency/principal liability.

**Twenty-Sixth Defense**

All allegations not specifically admitted are denied.

**Twenty-Seventh Defense**

At the time of filing this Answer, discovery has not yet begun. Therefore, Defendant gives notice of its intention to rely on such other affirmative or supplemental defenses that may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered, Defendant prays that this Court enter a judgment in its favor and award the Defendant its attorneys' fees and costs and other such relief that the Court deems just and proper.

Respectfully submitted,

/s/ Angela R. Rogers
Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
**Bradley Arant Rose & White LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

**Attorneys for The Housing Authority of the City of Montgomery**

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Norman Hurst, Jr., Esq.
462-A Sayre Street
Montgomery, AL  36104

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: not applicable.

s/ Angela R. Rogers
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: arogers@bradleyarant.com

7