# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY MANZY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-395-ID-SRW |
| | ) | |
| MONTGOMERY HOUSING | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

BEFORE ME, the undersigned, in and for said state and county, personally appeared **MAXINE M. SLEDGE**, who, being fully sworn, deposes and says as follows:

1.      My name is Maxine M. Sledge. I was the Public Housing Director at the Montgomery Housing Authority (MHA) until January 14, 2006.  I am over the age of nineteen years and am competent to testify to the matters contained in this affidavit, which are true and correct and based on my personal knowledge.  I have authority to make this affidavit on behalf of MHA.

2.      I have worked for MHA for thirty-three (33) years, and have been the Public Housing Director for approximately four (4) of those years.

3.      I am an African-American female.

4.      My responsibilities as Public Housing Director included supervising the managers of the individual housing communities.  I had an assistant director who assisted me; her name is Gelene D. Williams, and her title was Assistant Director of Public Housing.

I also had a secretary who assisted me; her name is Lilia Knight, and her title was Division Secretary.

5.      Dorothy Manzy was the manager of Paterson Court at the time she was terminated from MHA. I directly supervised Ms. Manzy. As Director of Public Housing, it was my decision to terminate her. I recommended her termination to Mickey McInnish, who was my supervisor and the Director of MHA, based on Ms. Manzy's failure to perform her job duties and sought Mr. McInnish's approval for the termination. I based my decision to terminate Ms. Manzy on her inability to perform her duties as the manager of Paterson Court, described in more detail in Paragraphs 11-18 below.

6.      MHA has eight housing communities: Cleveland Court, Gibbs Village, Riverside Heights, Tulane Court, Paterson Court, Trenholm Court, Smiley Court, and Richardson Terrace.

7.      Ms. Manzy managed Paterson Court, the third smallest community in total residences and the third smallest community with respect to the number of occupied units.

8.      At the time of Ms. Manzy's termination, the managers of all of the housing communities were African-American with the exception of Richardson Terrance, which had a Caucasian manager named Diane Bishop.

9.      Effective April 1, 2003, and until the time of Ms. Manzy's termination, only the managers for the two largest housing communities (Riverside Heights and Gibbs Village) had assistant managers.

10.     Each community worker had a community worker assigned to it.    Kerry Revell was the community worker for Paterson Court.

11.    In January 2004, I counseled Ms. Manzy for a failure to comply with policies and procedures. Specifically, Ms. Manzy violated Paragraphs D and E of Section 5.2.1 of MHA's Personnel Handbook. Paragraph D deals with productivity and workmanship not being up to the required standards of performance, and Paragraph E deals with mistakes due to carelessness. A true and correct copy of this Employee Counseling Record is attached as Exhibit A.

12.    The January 2004 counseling session arose out of a complaint by a tenant who had received a Notice of Rent Adjustment form after the rent increase went into effect. A true and correct copy of the tenant's Notice of Rent Adjustment is attached as Exhibit B. The notice is dated November 25, 2004. The tenant gave me the envelope in which she had received the Notice. A true and correct copy of the envelope given to me by the resident and which is postmarked January 8, 2004, is attached as Exhibit C.

13.    In August 2004, I counseled Ms. Manzy again for two other incidents. One incident involved her failure to perform re-examinations of tenant files. A copy of this Employee Counseling Record is attached as Exhibit D. Re-examinations of a tenant's rent are done annually, and a tenant is to be notified at least thirty days prior to the effective date of a tenant's rent. Ms. Manzy notified me on July 21, 2004, at 4:00 p.m., the day before she took a week's leave from work, that she had been unable to complete the re-examinations. A true and correct copy of her email to me is attached as Exhibit E. While Ms. Manzy was on leave, other employees and I had to complete approximately twenty-one files, send notices to the residents, and submit the changes to the Accounting Department. These re-examinations files were for the month of August 2004, and the notices for these re-

examinations have been completed and sent to the residents by July 1, 2004. Ms. Manzy's failure to perform the re-examinations in a timely manner was a violation of Paragraph I, Section 5.2.2 of MHA's Personnel Handbook, which addresses wanton and willful neglect in the performance of assigned duties. I recommended that Ms. Manzy be suspended for three days without pay for this violation.

14.    The second incident the inspection of a tenant's unit that had been damaged by water. Ms. Manzy received a damage claim on June 18, 2004, but she did not sign and complete the claim for damages until July 12, 2004. Ms. Manzy never inspected the tenant's unit for water damage. Ms. Manzy's failure to inspect the tenant's residence in a timely manner was a violation of Paragraph I, Section 5.2.2 of MHA's Personnel Handbook, which addresses wanton and willful neglect in the performance of assigned duties. I recommended that Ms. Manzy be suspended for two days without pay for this violation.

15.    On August 9, 2004, a Departmental Disciplinary Hearing was held to consider disciplinary action against Ms. Manzy. At the hearing, it was decided that Ms. Manzy would be suspended for five days, three for not completing the re-examinations and two for not inspected the unit for water damage. A copy of the Notice of Departmental Disciplinary Hearing given to Ms. Manzy is attached as Exhibit F. A copy of the Notification of Suspension given to Ms. Manzy is attached as Exhibit G.

16.    While assisting with the completion of the re-examination files during Ms. Manzy's leave, I found other discrepancies in her files. Specifically, I found files where ceiling rents were being applied even though MHA had stopped applying ceiling rents effective December 2003; inspections had not been completely processed; corrections from

the previous year's HUD audit review had not been made; charges to residents' accounts had not been applied; temporary rents had been set without following up to apply to correct rent; flat rents had been set instead of income-based rents; leases in the files were either missing or incomplete; changes had been reported by residents but there was no follow up, even though the information needed was in the file; and filing was left undone.

17.     I testified about the problems with Ms. Manzy's job performance before the City Personnel Board at Ms. Manzy's termination hearing. I testified truthfully and was under no duress to testify about these matters. I did not testify out of fear of losing my job. It was my opinion when recommending Ms. Manzy's termination and later when testifying before the City Personnel Board that Ms. Manzy had neglected her job duties and was incapable of performing the job duties required of a manager of MHA's housing communities.

18.     None of the other housing community managers had problems completing their work like Ms. Manzy did. Of course, other managers made mistakes from time to time, but Ms. Manzy was the only manager who could not keep up with her work load to the degree described above.

19.     My decision to recommend termination of Ms. Manzy was not influenced by Mickey McInnish or any other employee of MHA, and it was not based on race. The decision was based only on Ms. Manzy's failure to perform her duties as a manager.

DATED this the 27th day of March, 2006.

_Maxine M Sledge_
MAXINE M. SLEDGE

STATE OF ALABAMA          )
                          )
COUNTY OF MONTGOMERY )

     Before me, the undersigned authority, personally appeared MAXINE M. SLEDGE, who, being by me first duly sworn, doth depose and say that the matters and things contained in the above Affidavit are true and correct to the best of her information, knowledge, and belief.

     Done this 27th day of March, 2006.

_Kelly Castleberry_
Notary Public
My Commission Expires: 9|18|06

1/1436038.1

# Exhibit A

# EMPLOYEE COUNSELING RECORD

EMPLOYEE: __Dorothy Manzy__          POSITION: __Public Housing Manager__

SUPERVISOR: __Maxine M. Sledge__          DEPT: __Housing Management__

DATE OF COUNSELING: __1/22/04__

REASON FOR COUNSELING: (Description of performance, conduct or commendation - give specific facts,
background information, dates and times)

> **SEE ATTACHED**

Employee's response:

If corrective action is required please specify the nature of the action to be taken by employee and the
consequence of further infractions:

> This to advise that you comply with policies and procedures set forth by
> HUD and this Authority.  If this practice continues, it could lead to your
> termination.

_____          _____
Supervisor                                        Date

My signature indicates that the above matters were discussed with me          _____
and that I received a copy of this form.                                                      (Month   Day   Year)

_____
Employee Signature

This will certify that _____Dorothy Manzy_____ was offered a copy of this form
but refused to sign the Employee Counseling Record.

_____Maxine M. Sledge_____          1/22/04
Supervisor Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

Attachment I
Dorothy Manzy
January 23, 2004

At approximately 1:45 p.m. on January 16, 2004, Ms. Tonia Price came into my office to try and understand why she wasn't notified of her rent change and why she owed two months rent when she only received her notice January 10, 2004. The HA's envelope is post marked January 6, 2004 and the letter inside is dated November 25, 2003. The rent change was submitted to accounting November 25, 2003 with changes posted to her account December 17, 2003.     I telephoned you again today (I had previously discussed this tenant's account with you on January 6, 2004) to discuss the account. Ms. Price was in my office during this discussion with you. You stated to me that I was picking on you and did not pick-on other Managers as I do you. I stated to you that I am not picking on you nor do I pick on other Managers - how do you know what is said to other Managers. You told me that 'you have ears'. You also stated that you cannot do all that work that is required of you and that is why you came in to work on Saturday. Then you stated 'I  will do what you tell me to do'. I asked you to do what is right for you to do by the resident and policies, and I am not going to tell you how to do your job. According to the MHA's Personnel Handbook,  Group 1 Penalties for Offenses, Section 5.2.1, Paragraph D & E, productivity or workmanship not up to required standards of performance,  and E) mistakes due to carelessness,  this is to give you *a verbal warning of  not performing your required duties* as a Public Housing Manager.

# Exhibit B

### MONTGOMERY HOUSING AUTHORITY
1020 Bell Street
Montgomery, Alabama 36104-3056
(334) 206-7200

### NOTICE OF RENT ADJUSTMENT

DATE: November    25, 2003

TONIA PRICE
0910 S UNION ST

MONTGOMERY, AL   36104-5130
080080-04

This notice is to inform you that the required recertification of your family composition, income and assets has been accomplished. As a result of this recertification, the following action will be taken:

Effective    December 1, 2003
Your monthly contract rent will be $ 84.00      per month. You must include your monthly garbage payment of $12.00 with this

amount and pay a total of $ 96.00      each month. However, if your required security deposit has not been paid in full, or if you have unpaid work order charges, you must continue to pay these charges along with your monthly contract rent.

Your monthly contract rent as shown above has been based on information provided by you. If any changes in your family composition or gross family income have occurred since the date you provided the information, these changes must be reported immediately to the Management Office. You must also report any changes that occur following the effective date of the change in your contract rent.

You are hereby advised  that if you  disagree with  the results of the recertification you may request an informal hearing on the matter. A request for an informal hearing must be in writing, within ten (10) calendar days from the date of this notice, and delivered to the Housing Authority Management Office, PATERSON COURTS 08                .

This notice is presented to you in accordance with the terms and conditions of your Dwelling Lease and is hereby made a part of the Dwelling Lease by reference thereto. All other provisions, covenants, terms and conditions of the lease remain the same, except as to the monthly rental which is adjusted as herein stated.

Unless any further changes occur, your next regularly scheduled recertification will be accomplished prior to   July 1, 2004      .

Public  Housing Representative

November  25, 2003
Date

# Exhibit C

THE HOUSING AUTHORITY
OF THE CITY OF MONTGOMERY

1020 BELL STREET
MONTGOMERY, ALABAMA 36104-3056

PATERSON COURT
901 SO. UNION STREET
MONTGOMERY, ALABAMA 36104

36104+5130-42

I Recieved
this letter
1-10-02

U.S. POSTAGE
0 3 7

**EXHIBIT " 1 "**

# Exhibit D

PER FORM 30
Revised 12/01

# EMPLOYEE COUNSELING RECORD

EMPLOYEE:     Dorothy Manzy            POSITION:  Public Housing Manager

SUPERVISOR:     Maxine M. Sledge       DEPT:  Management

DATE OF COUNSELING:  August 4, 2004

REASON FOR COUNSELING: (Description of performance, conduct or commendation - give specific facts, background information, dates and times)

See Attached

Employee's response:

Upper mgmt inter — Upper Mgmt
interfered. (M) 8/4/04

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:

See Attached

_____        _____
            Supervisor                                    Date

My signature indicates that the above matters were discussed with me
and that I received a copy of this form.                  _____
                                                          (Month    Day    Year)

_____
            Employee Signature

This will certify that    Dorothy Manzy    was offered a copy of this form
but refused to sign the Employee Counseling Record

Maxine M. Sledge 8/4/04  8:15 a.m
_____
            Supervisor Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

August 2, 2004

**Reason:**

On the morning of July 22, 2004 I received an e-mail from you stating that you were going on leave and have not had time to complete Paterson Court's reexamination and notify the residents. You requested that someone come to your office and perform your duties because you were going on leave. You did not complete reexamination for the month of August 2004 when it should have been completed and residents notified twenty-one days earlier to the date you sent the e-mail. The next day we had to complete approximately twenty-one files, send the residents notice and submit all changes to the Accounting Department. The Community Worker, the Assistant Public Housing Director, four Managers and one Assistant Manager, along with me, had to take away from our duties and responsibilities to perform yours. In addition, around March 31, 2004 when discovered, you had assigned ceiling rents to residents, after we had stopped applying that type of rent effective December 2003. In compliance with the Montgomery Housing Authority's Admission and Continued Occupancy Policy, these actions were not applied. According to the Montgomery Housing Authority's (MHA) Personnel Handbook, Section 5.2.2 Paragraph I, 'Wanton and willful neglect in the performance of assigned duties, this is to give you *a written reprimand* and a three leave without pay for not performing your duties and not following and applying MHA's and HUD's policies and procedures.

**Corrective Action:**
You should have known the policies and procedures that 1) Reexamination is done annually, 2) Reexamination may be started one hundred twenty days in advance, (according to the files the information was there to compute the rents), 3) Upon completion of reexamination and verification, Tenant shall be notified, in writing, no later than thirty (30) days prior to the effective date. Special Reexamination had to be done on some because the information was not available to compute rents. These type of actions could cost a loss in services for the residents and a loss in revenue for the MHA. Delays in processing paper work will not be accepted by this department and this offense could have warranted a more severe penalty. If this practice is continued, termination of your employment will be recommended.

PER.FORM 30
Revised 12/01

# EMPLOYEE COUNSELING RECORD

EMPLOYEE: __Dorothy Manzy__    POSITION: __Public Housing Manager__

SUPERVISOR: __Maxine M. Sledge__    DEPT: __Management__

DATE OF COUNSELING: __August 4, 2004__

REASON FOR COUNSELING: (Description of performance, conduct or commendation - give specific facts, background information, dates and times)

> See attached

Employee's response:

> *Workload kept from inspecting. No written policy on when to inspect.*

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:

> See attached

_____    _____
Supervisor                              Date

My signature indicates that the above matters were discussed with me    _____
                                                                                                              (Month   Day   Year)
and that I received a copy of this form.

_____
Employee Signature

This will certify that *Dorothy Manzy* was offered a copy of this form
but refused to sign the Employee Counseling Record.

*Maxine M. Sledge* 8:18 a.m.
Supervisor Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

August 3, 2004

**Reasons:**

At approximately 8:25 a.m., August 3, 2004 it was brought to my attention that you received a claim for damages June 18, 2004 (on the date it happened) you signed the claim for damages July 12, 2004 and it was received by the Montgomery Housing Authority's (MHA) Risk Control Administrator July 14, 2004 – almost one month later. The damages were not inspected by you in a timely manner, therefore the resident disposed of most of the evidence due to fowl odors that were generated.   According to the Montgomery Housing Authority's Personnel Handbook, Group II Penalties for Offenses, Section 5.2.2, Paragraph I, Wanton and willful neglect in the performance of assigned duties, this is to give *a written reprimand and a 2-day suspension of leave without pay for not performing your required duties* as a Public Housing Manager.

**Corrective Action:**

This is to advise to comply with policies and procedures set forth by this Authority.   Your next reprimand could lead to termination of your employment.

## MONTGOMERY HOUSING AUTHORITY
### CLAIM FORM

Date of Claim: 10/18/04

Name of Person Filing Claim: Clisia L. Guilford          Resident: Yes _X_  No _____
Address: 9210 South Union St          Account #: 93___
Apartment Complex: Patterson Court          Phone #: 2109-7650

### TYPE OF CLAIM

☐ Automobile          Date of accident: _____
Make: _____  Year: _____  Owner: _____
Insurance Coverage: Yes ____ No ____  Insurance Co.: _____
Police Report: Yes ____ No ____  Photo Attached: Yes ____ No ____
Description of Damage:          Estimated Cost
_____
_____

Circumstances of Claim (give complete details how accident occurred):
_____
_____
_____

☒ Property          Date of Loss: 10/18/04
Work Order Filed: Yes _X_  No ____  Work Order Attached: Yes ____ No ____
Photo Attached: Yes _X_  No ____

| Item Name: | Description – Make/Model | Date of Purchase | Estimated Original Purchase Cost |
|---|---|---|---|
| Clothes | designer 3dresses, 3corsets, 5shirts, 5pair jms | 03/04 | $450.00 |
| Computer paper | photo paper | | |
| 2 Area Rugs | 1 navy blue / 1 dark blue | 8/84 | |
| GE telephone | Blue corded phone | 1/04 | $28.00 |
| BELL computer hard drive | | 12/03 | $12.50 |

Circumstances of Claim (give complete details how accident occurred):
At around 3:30am Friday morning on 10/18/04. I awoke out of
my sleep to find that water was everywhere from a busted pipe under
the bathroom sink. Water covered from bathroom, bedroom, and
living room. I did not reach kitchen. The water was bursting
out of the hearth. I also tried to reach emergency maintenance but did not succeed
Tile in bathroom was also damaged from water.

☐ Bodily Injury          Date of Injury: 10/18/04
Details of Injury
_____
_____

Did you receive medical treatment? Yes ____ No ____
Is medical report attached? Yes ____ No ____
Did loss of work occur? Yes ____ No ____
Is photo of accident area attached? Yes ____ No ____

Signature of Person Filing Claim: Clisia N. Guilford          Date: 10/18/04

*** **Housing Manager and Maintenance/Management Department complete back of form** ***

t/lane/claim.wk4

w/water Speaker
○ se slipper s
Cellphone
Computer mouse

<u>Description - Make/Model</u>

Blue
Nokia 3390

<u>Dadded Purchase</u>

12/03
3/04
8/04
6/04

<u>Estimated
Original
Purchase Cost</u>

$85.00
$5.00
$75.00
$20.00

**TO BE COMPLETED BY HOUSING MANAGER**

Was a Work Order involved in this claim?    Yes ___✓___    No _____
   (Please attach all work orders involved in this claim.)

Did you see the damaged items?    Yes _____    No __✓__

Describe condition of items: I did not view items due to Ms
Guilford disposing of them the same day after I informed
her that I need to see them. Ms Guilford informed
me that she disposed of items but took her own pictures
for me to view.
   (Please attach pictures of items to this claim.)

How could tenant have prevented this loss? Resident stated that the
pipe burst for no apparent reason.

_____

_____

D. Mann                                          7-12-04
Signature of Housing Manager                      Date

---

**TO BE COMPLETED BY MAINTENANCE OR MANAGEMENT DEPARTMENT**

Was emergency work orders involved in this claim?    Yes _____    No _____
   (If Yes please attach copies.)

Description of action taken: _____

_____

_____

_____

Recommendation: _____

_____

_____

_____

Signature of Maintenance/Management               Date

# Exhibit E

## Maxine Sledge

| | |
|---|---|
| **From:** | Kerry Revell [krevell@mhatoday.org] |
| **Sent:** | Wednesday, July 21, 2004 3:59 PM |
| **To:** | Maxine Sledge |
| **Cc:** | Dorothy Manzy |
| **Subject:** | ASSISTANCE WITH RENT CALCULATIONS |

Ms. Sledge, as you are aware I will be on leave starting
July 22, 2004 through July 30, 2004. Due to me having to
attend court hearing for evictions this week and checking
folder for Visual Homes, and well as last week , also having
to check ALL of my active files this week, I have not been
able to compute any August Rents. I am to leave today at
4:00 p.m. however, Alice from Visual Homes is still sitting
at my desk as I type. I am requesting someone to come
to Paterson to compute the August 's rent and well as mail
notices to the residents. It was my intention to have this completed prior to my leave, however unforseeable event beyond my
control occurred. Any assistiance that you can give will be apprciated. I will leave the August folders on the desk. Thank
you.

# Exhibit F

PER FORM 31
Revised 12/01

*Corrected*
*8/4/04*

# NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

_____Dorothy Manzy_____
Employee's Name

_____
Street Address

_____Montgomery, Alabama_____
City, State and Zip

Please be advised that a departmental hearing has been scheduled:

_August 4, 2004 8:00 a.m._        _1020 Bell Street_
Month, Day, Year, Time (to include a.m. or p.m.)        Location of disciplinary hearing

The purpose of a departmenal hearing is to consider disciplinary action against you for the following reasons: (attach additional sheets as required).

> Not completing reexamination and not inspecting damages.
>
>            See attached

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may **not** be represented by an attorney at the departmental level. Disciplinary actions require a hearing **before** the appointing authority or designee, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_Maxine M. Sledge_
Departmental Head

I hereby certify that this document was given to the employee or placed in the United States mail on

_8/4/04_
(Month        Day        Year)

Signed: _Maxine M. Sledge_

Witness: _Jeane D. William_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Refused to sign_ 8/4/04

Employee

# Exhibit G

PER. FORM 35
Revised 10/93

*Hand Delivered*
*8/9/04*

Certified Mail
Return Receipt Requested

Date   August 9, 2004

## NOTIFICATION OF SUSPENSION

Ms. Dorothy Manzy
_____
(Employee's Name)

~~901 South Union Street (Office)~~
(Street Address)

Montgomery, Alabama
_____
(City)                    (State)                    (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of ~~five days~~

_____ beginning Tuesday, August 10, 2004 through Monday, August 16, 2004.

_____

The reason(s) for this suspension is (are)  *(List all charges – attach additional sheets as required)*:

Pursuant to the counseling Wednesday August 4, 2004, a departmental hearing held
Monday, August 9, 2004 and your response received August 9, 2004, this is to notify you
that you are hereby suspended for a total of five (5) days – three (3) for not completing
reexamination and two (2) for not inspecting the unit for water damages.  Please see

Previous records attached *(List all actions considered – attach additional sheets as required)*:

See attached

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or
less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII,
Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within
three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing
a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before
the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System
Law.

_____
Department Head/Appointing Authority

Director Of Public Housing
_____
Title

EXHIBIT " 2 "

**(Previous Record Considered....)**
Attachment to Notification of Suspension - 8/5/2004

Note to file
2/27/2004

Yesterday, February 26, 2004 around 3:15 p.m., I telephoned Ms. Manzy to ask about Veronica Brown's account that was give to me 'wondering why so late in receiving' - why is that she moved (according to her vacate notice) January 26, 2004, and she waited fourteen days later to submit. After stating and complaining that she did not have time to do this and no time to do that, and Ms Brown not submitting the keys to her, (on top of the vacate notice has '2 keys submitted but no date' she said she could only get into SACS on February 7, 2004 to do anything. During the process she was busy doing other things and did not have the time until the 10th.

Ms. Manzy was very insubordinate in her manner of speaking to a supervisor and should be reprimanded for this. I spoke to her earlier about her tone of voice and she stated that her friends have also told her that she is harsh in speaking. Maybe to a friend but not to a supervisor.

This is the second time and the next time she does this she will be reprimanded.

Attachment I
Dorothy Manzy
January 23, 2004

At approximately 1:45 p.m. on January 16, 2004, Ms. Tonia Price came into my office to try and understand why she wasn't notified of her rent change and why she owed two months rent when she only received her notice January 10, 2004. The HA's envelope is post marked January 6, 2004 and the letter inside is dated November 25, 2003. The rent change was submitted to accounting November 25, 2003 with changes posted to her account December 17, 2003. I telephoned you again today (I had previously discussed this tenant's account with you on January 6, 2004) to discuss the account. Ms. Price was in my office during this discussion with you. You stated to me that I was picking on you and did not pick on other Managers as I do you. I stated to you that I am not picking on you nor do I pick on other Managers - how do you know what is said to other Managers. You told me that 'you have ears'. You also stated that you cannot do all that work that is required of you and that is why you came in to work on Saturday. Then you stated 'I will do what you tell me to do'. I asked you to do what is right for you to do by the resident and policies, and I am not going to tell you how to do your job. According to the MHA's Personnel Handbook, Group 1 Penalties for Offenses, Section 5.2.1, Paragraph D & E, productivity or workmanship not up to required standards of performance, and E) mistakes due to carelessness, this is to give you *a verbal warning of not performing your required duties* as a Public Housing Manager.