IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DOROTHY MANZY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv395-ID |
| | )                (WO) |
| **MONTGOMERY HOUSING AUTH.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant Montgomery Housing Authority's motion for summary judgment, filed March 29, 2006. (Doc. No. 13.) Plaintiff Dorothy Manzy failed to respond to the motion, notwithstanding the court's Order, entered March 30, 2006, directing Plaintiff to do so on or before April 12, 2006. (Doc. No. 15.) There being no opposition and for the reasons stated herein, the court finds that Defendant's motion is due to be granted.

The negative consequences to the non-movant in failing to respond to a motion for summary judgment are great. Rule 56(e) provides that, if the non-movant does not respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). Also, in its March 30 Order, the court forewarned that a failure to respond may result in judgment being entered against the non-movant "without further notice" and that the court may accept as true evidence that is

not contradicted. (Doc. No. 15.) The court's Uniform Scheduling Order, entered in this case on May 25, 2005, provides further that "[t]he failure to file a response to any motion – either *dispositive* or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion." (Doc. No. 7, ¶ 5 (emphasis added).)

Although Plaintiff has not opposed the motion for summary judgment, the court nonetheless has conducted an independent review of the record in light of the familiar standard governing summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Having done so, the court finds that the material facts are undisputed and that summary judgment is due to be entered in Defendant's favor.

In this employment discrimination lawsuit, Plaintiff, an African-American, brings claims contending that Defendant, her former employer, discriminated against her on the basis of race, in violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Plaintiff alleges that she was terminated from her supervisory position with Defendant, while other similarly-situated Caucasian employees were treated more favorably than she, and that the only apparent reason for the disparity in treatment was Plaintiff's race. Moving for summary judgment on all of Plaintiff's claims, Defendant filed a fully-briefed motion and an evidentiary submission, the latter of which includes affidavits and deposition testimony. (See Doc. Nos. 13-14.)

After careful examination of Defendant's submission (including the facts which the court deems admitted) and having applied the burden-shifting analysis applicable to

Plaintiff's claims,[1] the court finds that Defendant has met its burden of informing the court of the basis for its motion for summary judgment and of establishing an absence of genuine issues of material fact on all of Plaintiff's claims. See Celotex, 477 U.S. at 323. There is no evidence of a similarly-situated employee outside of Plaintiff's class who was treated more favorably than Plaintiff, see Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997), or evidence that Defendant's stated reasons for Plaintiff's treatment and termination were pretextual. There also is no evidence that Plaintiff suffered any constitutional violation resulting from a custom or policy of Defendant. See Monell v. New York Dep't of Soc. Serv., 436 U.S. 658, 691-94 (1978). In short, summary judgment is "appropriate" under Rule 56(e) of the Federal Rules of Civil Procedure.

Accordingly, it is CONSIDERED and ORDERED that Defendant's motion for summary judgment be and the same is hereby GRANTED. A judgment in accordance with this Order shall be entered separately.

Done this 21st day of April, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253 (1981); Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (Title VII and § 1981 "have the same requirements of proof and use the same analytical framework" set forth in McDonnell Douglas and Burdine.); Eldridge v. Morrison, 970 F. Supp. 928, 943 (M.D. Ala. 1996) ("In this circuit, the formulation of the parties' burdens developed for Title VII cases applies to § 1983 racial discrimination claims.").